08-5768-ag (L); 09-3455-ag (Con)
Gjoni v. Holder

BIA
Vomacka, IJ
A077 699 879

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of May, two thousand ten.

PRESENT:
>           JOSÉ A. CABRANES,
>           DEBRA ANN LIVINGSTON,
>           GERARD E. LYNCH,
>                   *Circuit Judges.*

_____

JOLANDA GJONI,

>           *Petitioner,*

>           v.                                      08-5768-ag (L);
>                                                   09-3455-ag (Con)
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

>           *Respondent.*

_____

FOR PETITIONER:              Kai W. De Graaf, New York, New York.

FOR RESPONDENT:              Tony West, Assistant Attorney
                             General, Civil Division; Aviva L.
                             Poczter, Senior Litigation Counsel;
                             Jesse Lloyd Busen, Office of
                             Immigration Litigation, Civil
                             Division, U.S. Department of
                             Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that these petitions for review are DENIED.

Petitioner, Jolanda Gjoni, a native and citizen of Albania, seeks review of: (1) an October 28, 2008, order of the BIA affirming the January 5, 2007 decision of Immigration Judge ("IJ") Alan Vomacka denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Jolanda Gjoni*, No. A 077 699 879 (B.I.A. Oct. 28, 2008), *aff'g* No. A 077 699 879 (Immig. Ct. N.Y. City Jan. 5, 2007); and (2) a July 24, 2009, order of the BIA, denying her motion to reopen, *In re Jolanda Gjoni*, No. A 077 699 879 (B.I.A. July 24, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

**I.    Docket No. 08-5768-ag (L): Asylum, Withholding of Removal, and CAT Relief**

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, i.e., minus the IJ's adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.

2

2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**A.  Past Persecution**

The IJ reasonably found that Gjoni's past experiences did not rise to the level of persecution.  Although Gjoni argues that the BIA failed to consider evidence that her relatives were murdered on account of their political opinion, even assuming that there was a nexus, it is well-settled that an applicant cannot establish past persecution by virtue of harm to a relative.  *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007); *see also Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) ("[T]he statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer.").

To the extent Gjoni argues that the agency erred in failing to ask her for additional corroborative evidence, she misapprehends the agency's decision.  The BIA did not find that the record lacked corroborative evidence, but rather that the documentary evidence Gjoni submitted was

3

insufficient to establish past persecution. *See Diallo v. INS*, 232 F.3d 279, 286 (2d Cir. 2000) (finding that although an applicant's credible testimony *may* be sufficient to sustain the burden of proof without corroboration, "an applicant's credible testimony may not always satisfy the burden of proof"). Finally, Gjoni's argument that the agency failed to consider her past experiences cumulatively is belied by the record. *Cf. Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 290 (2d Cir. 2007). Thus, substantial evidence supports the BIA's finding that Gjoni failed to establish past persecution.

**B. Well-Founded Fear**

In the absence of past persecution, an alien can demonstrate eligibility for relief if she can show that she has a well-founded fear of future persecution on account of a protected ground. 8 C.F.R. § 1208.13(b)(2)(i). Substantial evidence supports the agency's conclusion that Gjoni failed to demonstrate a well-founded fear of being kidnapped and forced into prostitution. The IJ found that: (1) whereas Gjoni is married with children, common targets of involuntary prostitution in Albania are young single women; and (2) the increasingly democratic nature of Albania

4

makes it unlikely that Gjoni would be subjected to prostitution because of her political opinion.  We are not persuaded by Gjoni's arguments that this analysis was erroneous.  *See Manzur,* 494 F.3d at 290 (noting that under the substantial evidence standard, an IJ's findings of fact "are treated as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary" (internal quotation marks omitted)).

Although Gjoni challenges the IJ's finding that she is an unlikely target for forced prostitution in Albania, a reasonable fact finder would not be compelled to accept her arguments.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (finding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Because Gjoni was unable to meet her burden for asylum, she necessarily failed to meet the higher burden required for withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Although Gjoni sets forth the standard for CAT relief in her brief before this Court, she does not argue that any evidence established a likelihood of torture upon her return to Albania.  Accordingly, we deem

waived any challenge to the agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

**II.  Docket No. 09-3455-ag (Con): Motion to Reopen**

We review the BIA's denial of a motion to reopen for abuse of discretion.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).[1]

In her motion, Gjoni argued that because her husband has been granted withholding of removal and she will likely return to Albania alone, she has a well-founded fear of being forced into prostitution.  The BIA concluded, however, that the fact that Gjoni's husband was granted withholding of removal was insufficient to establish her own eligibility for relief.

Gjoni argues that the BIA's October 2008 and July 2009 decisions were inconsistent in that the first found that her husband would "likely" return with her to Albania, and that the second noted that she made "no showing that [her] husband was willing to return to Albania" at the time of her January 2006 hearing before the IJ.  Gjoni additionally

---

[1] Gjoni does not challenge the BIA's denial of her untimely motion to reconsider.

argues that the IJ placed "significant stock in the pivotal assumption that [she] would 'likely be accompanied by her husband [] and three children." Despite Gjoni's arguments, however, even after considering that her husband was granted withholding of removal, the BIA in considering her motion to reopen found that this fact alone was insufficient to demonstrate her *prima facie* eligibility for asylum. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). Moreover, the BIA in its October 2008 decision merely considered her husband's possible return to Albania as one factor among several in support of its conclusion that Gjoni had failed to establish her eligibility for relief. We additionally find unavailing Gjoni's argument that the evidence she submitted with her motion was not cumulative because it was previously unavailable. As the BIA noted, her evidence merely reiterated general country conditions evidence regarding human trafficking in Albania. Thus, the BIA did not abuse its discretion in denying Gjoni's motion to reopen. *See Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our consolidated review, any stay of removal that the Court previously granted is

VACATED, and any pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk